UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBA TONI SARGANTT,<br><br>  Plaintiff,<br><br>  v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>  Defendants. | Case No. 25-cv-02737-BAS-VET<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF No. 8)** |

Plaintiff Ruba Toni Sargantt filed a complaint against Defendants (ECF No. 1) and a motion to proceed in forma pauperis ("IFP") (ECF No. 2) concurrently. The Court initially dismissed Plaintiff's motion (ECF No. 7). Plaintiff filed a renewed motion for leave to proceed in forma pauperis (ECF No. 8), which the Court evaluates in this Order. For the following reasons, the Court **GRANTS** Plaintiff's motion to proceed IFP.

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be

completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id*. at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). Finally, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Here, the Court concludes that Plaintiff has provided sufficient information to show Plaintiff is unable to pay the fees or post securities required to maintain this action. Plaintiff is currently unemployed and receives food stamps in the amount of $296 and disability in the amount of $1,209 each month. (*See* ECF No. 8.) Though Plaintiff has significant assets in her motor vehicles, Plaintiff's total monthly expenses culminate to $2,540—exceeding his household's monthly income by $1,035. (*Id*.) Additionally, Plaintiff receives no income from real property, investments, retirement accounts, gifts, or alimony. (*Id*.)

In light of the foregoing, the Court **GRANTS** Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 8). However, if it appears at any time in the future that Plaintiff's financial picture has improved for any reason, the Court will direct Plaintiff to pay the filing fee to the Clerk of the Court. This includes any recovery Plaintiff may realize from this suit or others, and any assistance Plaintiff may receive from family or the government.

**IT IS SO ORDERED.**

**DATED: December 15, 2025**

Hon. Cynthia Bashant, Chief Judge
United States District Court